Plaintiff instituted this suit for the balance due on a promissory note. The note was executed by defendant and made payable to plaintiff in the amount of $338.76. It was dated July 22, 1937, and payable at the rate of $9.41 per month beginning one month after date.
The note was given as part of the purchase price of a Norge electric refrigerator and a Norge cook stove. The purchase price and carrying charges of both were $451.66 and a credit of $112.90 was allowed at the time of sale as a trade-in value of a refrigerator and stove delivered to plaintiff by defendant. Defendant made payments on the note to the amount of $235.25, leaving a balance of $103.51, the amount sued for here. The note provides for attorney's fees of 25% in case of suit for collection. To secure the payment of the note defendant executed a chattel mortgage on the refrigerator and stove purchased by him. The last payment made by defendant was on November 2, 1939.
Plaintiff prayed for judgment for the balance due on the note at 8% interest from maturity, plus 25% attorney's fees and for recognition of its vendor's lien and privilege because of said chattel mortgage, and that the mortgaged property be seized and sold to satisfy the amount due on the note, interest and attorneys fees.
Defendant admitted purchasing the refrigerator and stove and executing the note. He admits making the payments as above set forth. He denied owing the plaintiff anything at this time and reconvened for the amount of $25 with legal interest from demand until paid.
Defendant alleged that he bought the refrigerator and stove as separate purchases although on the same date and that only one note was given to include the balance due on both. He alleged that the amount paid by him fully covered the balance due on the refrigerator and that of the $112.90 he paid at the time of purchase, $25 of it was payment on the cook stove; and that the stove has failed to live up to the warranty, having constantly given him trouble since the first day it was installed until the day of trial.
Defendant further alleged that the gas flames would go out of their own accord and endangered the lives of his family and property; that the stove had to be constantly watched to keep the house from becoming filled with gas on this account. *Page 74 
He contends the stove would not heat properly for cooking purposes and that the heat in the oven could not be regulated; that the oven, although set at a certain degree of temperature, would increase by forty degrees in one hour's time. He prayed for a rescission of the sale of the stove and, in reconvention, for $25, the cash payment made at the time of purchase.
The lower court awarded plaintiff judgment as prayed for, rejected defendant's reconventional demand and gave written reasons. Defendant is prosecuting this appeal.
The cook stove was sold and delivered to defendant on July 22, 1937, and he was still using it on the day of trial, November 26, 1940. This suit was filed on May 11, 1940. The lower court held that if defendant was entitled to any relief it was only for a reduction of the price and there was no proof in the record on which to base such a judgment. It further held that defendant's claim was stale and that if he had any legal claim he was too late in urging it.
The answer and reconventional demand in effect are based on a redhibitory defect and were not made until more than three years after the purchase was made. No plea of prescription, however, has been filed by plaintiff and we cannot supply it.
Defendant was his only witness. He testified that he had one hundred cooks during the three years he used the stove and not one was used as a witness. The record discloses, we think, that the stove needed some adjustments from time to time and that plaintiff made these adjustments when called upon to do so. On one or two occasions the burners were stopped up with grease or foodstuff which had been allowed to boil over on them. When the burners were taken out and washed they then performed as they should. Defendant virtually admits this fact but his principal complaint is that the oven does not bake as it should; that it does not remain set at the temperature the thermostat is set for.
Plaintiff's witnesses, experts in their line, testified they made all adjustments necessary on the oven and that it performed perfectly and that the stove was not defective in any respect. Plaintiff testified that as late as a few months before trial he offered to defendant to call in a cooking expert, either man or woman, and a factory expert, regardless of what factory defendant would name, to test the stove and that plaintiff would pay the expenses and that he could never get defendant to accept the offer.
Defendant is not a cooking expert. He is a lawyer and no doubt from his testimony he knew little of the technique of cooking or operating a stove, therefore, his testimony, which only relates his experience in attempting to cook on the stove, to our minds, does not prove that the stove is defective or that it would not do what it was warranted to do if used by a cook of some experience.
The testimony of plaintiff's witnesses, we think, shows the stove not to be defective in any way and we do not think the testimony of defendant alone as to his experience with the stove is sufficient to show its defect. This is, no doubt, the view taken by the lower court. We fail to find error in the opinion of the lower court.
Defendant prays here that if we should not find error in the judgment of the lower court that the case should be remanded in order that he may produce a witness who formerly worked for plaintiff and was familiar with the complaints made by him about the stove from the beginning; that the stove was defective and that many stoves sold by plaintiff at that time were giving the same trouble. He applied to the lower court for a new trial based on this newly discovered evidence. It was overruled by the lower court with the statement that if the witness testified as alleged in the motion by defendant, it could not change the decision. The lower court was evidently convinced from the evidence that the stove was not defective.
We find no error in the lower court overruling the motion for a new trial and we cannot, under the evidence, say the lower court is in error in its judgment. It is therefore affirmed, with costs. *Page 75